Read, J.
The original action was to recover the amount subscribed by plaintiff in error, for the construction of a road. The subscription paper recites that the road was for the private ^benefit of the subscribers, as well as of the-public. The several amounts subscribed were to be paid to Johnson, the plaintiff in the action below, who was to make the road. Sperry, the plaintiff in error, subscribed twenty-five dollars to be paid in labor or stock, in one year, and twenty-five dollars in two years. The bill of exceptions shows that Johnson completed the road, and expended in the works his own money, in the faith of the subscriptions. Sperry, though often requested, never paid his subscription. The action was in assumpsit, upon special and common counts. On the trial, the defendant called upon the court to charge the jury, that if the subscription paper sjiecially declared upon, varied Irom that set out, the jury must find for the defendant; and that there could not bo a recovery under the common •counts. The court held, that the subscription paper might, in view of the facts above seated, be received to support a recovery under the common counts.
The judgment in the common pleas was afterward affirmed in the Supreme Court, and this writ of error is brought to reverse both the original judgment and the judgment of affirmance.
Numerous errors have been assigned upon this record, but the ■consideration of the third assignment will dispose of such of the remainder as it is material to consider. It raises the question, merely, as to the right of recovery under tho common counts. If *387 the court should regard this, from the facts, as an executed con-bract, the objection that demand of payment was not made, during the performance or immediately upon the completion of the work, is immaterial, and disposes of the fourth error assigned. And the second error, complaining that the court did not direct a nonsuit, would fail, as the record shows that there was evidence offered in this view to support, at least, the common counts. The court never directs a nonsuit if there be any competent evidence to support the issue. The competence of evidence is with ihe court, its effect with the jury. The court will never presume to decide upon its sufficiency, however slight it may be; this is for the jury.
*But did the court of common pleas err, in permitting a recovery upon the common counts ?
The plaintiff below had constructed the road, for which the defendant had promised to pay him the amount subscribed. The work had been wholly performed, and money advanced by the plaintiff upon the faith of this and other subscriptions. Is a subscription to pay the money, for the completion of a given work anything other than a contract for work and labor ? If such be its nature, and the work be performed, what remains but the naked duty of the payment to the extent of the amount subscribed ? And such being its character, this case comes within the simplest principles distinguishing between special and common counts, and the rule as to executed and executory contracts. If the contract has been executed, and the work performed which it required, and payment is the only question, in an action for its recovery, the common counts are the appropriate and known forms of declaring.
The fact, that a part of this subscription was to be paid in labor or slock, does not affect the case; the obligation was to pay fifty dollars in labor and stock on request; being requested, and not performing the labor, or tendering the stock, it becomes, in law, a mere money demand.
Those principles are all recognized and expressly decided, in Newman v. McGregor, 5 Ohio, 351. The Supreme Court, therefore, did not err in affirming the judgment below.
Judgment affirmed.